# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRYAN McDERMOTT,

        Plaintiff,

v.

INDEPENDENT CARE HEALTH PLAN,

        Involuntary Plaintiff,

v.

WAUKESHA COUNTY, WISCONSIN MUNICIPAL MUTUAL INSURANCE COMPANY, ERIC J. SEVERSON, RYAN R. REINDERS, SONYA M. SAHAGIAN, BRYAN M. SKAAR, SEAN Z. LENARDIC, and UNKNOWN EMPLOYEES OR AGENTS OF WAUKESHA COUNTY,

        Defendants.

Case No. 15-CV-1341-JPS

**ORDER**

On April 10, 2017, the parties jointly requested entry of a protective order so that they may avoid the public disclosure of confidential information and documents. (Docket #29). Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank*

*of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g.*, *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders—such as the one in this case—are narrowly tailored and permissible, when it finds that two factors are satisfied:

(1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

(2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945).

The parties have requested the protective order in this case in good faith. This case involves claims against the various county defendants, employees, and insurers seeking relief under both 42 U.S.C. § 1983 and state law for alleged damages arising out of a call from the residence of the Plaintiff during a medical emergency. (Docket #19). This case will likely entail disclosure of sensitive employment and medical information. *See, e.g.*, (Docket #17 at 4). The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that a slight change is necessary to maintain compliance with the above-cited precedent. The proposed order requires sealing, in whole or in part, of all confidential documents. This departs from the Court's desire to ensure that every phase of the trial occurs in the public eye to the maximum extent possible. *See Hicklin Eng'r, L.C.*, 439 F.3d at 348. While the Court understands that some documents will need to be sealed entirely, other documents may contain only small amounts of confidential information, and so redaction of those documents may be more appropriate. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph (5).

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

Based on the stipulation of the parties, (Docket #29), and the factual representations set forth therein, and elsewhere in the pleadings, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

(1) The following documents are to be handled as confidential and subject to this Order:

    (a) Personnel and employment files of Ryan R. Reinders, Sonya M. Sahagian, Bryan M. Skaar, and Sean Z. Lenardic.

    (b) Policies and Procedures and Task Sheets of the Waukesha County Sheriff's Department.

    (c) Any documents, or other material that the producing party believes in good faith contains trade secrets or nonpublic technical, commercial, financial, personal, or business information.

The confidential nature of these documents applies to documents which both have already been produced by the parties and those which will be produced as part of this litigation.

(2) Designation of confidential information must be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." Counsel for the parties must keep all documents designated as confidential that are received under this Order secure within their exclusive possession and must place such documents in a secure area. If documents which fall under Paragraph (1) have already been produced prior to this Order, those documents shall be identified and treated as confidential according to this Order.

(3) Documents designated as confidential must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph (4) for any purposes whatsoever other than for preparing for

and conducting the litigation in which the documents were disclosed (including appeals).

(4) The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (a) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

    (c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(5) To the extent that any of the records referenced in Paragraph (1) are filed with the Court, or are substantively incorporated in any papers to be filed with the Court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

(6) A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney's fees and costs attributable to the motion.

(7) At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party. If the parties so stipulated, the material may be destroyed.

Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge